## MURPHY v. CITY OF DALLAS et al.
### (No. 2193.)

Court of Civil Appeals of Texas. El Paso.
Jan. 24, 1929.

Nathaniel Jacks, of Dallas, for appellant.

Turner & Rodgers, J. J. Collins, H. P. Kucera, W. Hughes Knight, and A. A. Long, all of Dallas, for appellees.

HIGGINS, J. This suit was brought by appellant against the city of Dallas and the Ford Motor Company, a corporation. General demurrers presented separately by the defendants were sustained. The plaintiff declining to amend, his suit was dismissed.

The petition is lengthy. The material facts alleged may be briefly summarized as follows:

Plaintiff owns a parcel of land in Dallas county which he acquired on January 8, 1919, upon which there is a spring and well, the water from which he and his family used for drinking and domestic purposes and which he intended to use in supplying water to some cottages he intended to erect on the land. In June, 1924, defendants jointly constructed and erected a 48-inch concrete sewer for dis-

posal of water from the plant of said company in the city of Dallas; the sewer opened and emptied into a hand-dug ditch which carried its discharge upon plaintiff's land, which the concentrated surface waters of the Ford Motor Company would not have reached but for such sewer so constructed by the defendants. The sewer was constructed by defendants for the purpose of concentrating and disposing of surface water only, which said company knew. Said company also constructed a private 24-inch concrete sewer from its plant, joining same to the 48-inch sewer, and did thereby concentrate the surface water of its plant and discharge same into said ditch and thence upon plaintiff's property. Contrary to the purpose for which defendants constructed the 48-inch sewer (disposal of surface waters), the Ford Motor Company proceeded to use same for a different purpose, in that it used it as a sanitary sewer discharging therein minerals, oils, fuels, and other substances and discharging same upon plaintiff's land in the manner shown above. The concentration of the surface waters and discharge of same in the manner shown by the use of the sewer by the Ford Motor Company, as a sanitary sewer, contaminated and rendered the water of the spring and well on plaintiff's land unfit for use, saturated the land with poisonous substances, all of which was a nuisance and damaged plaintiff; the damage to the plaintiff's property being laid at $15,000. Judgment was sought abating the nuisance and for damages in the sum aforesaid.

While the case was pending in this court, the plaintiff dismissed his appeal in so far as it concerns the city of Dallas.

This leaves only for determination the question of whether the petition states a cause of action against the Ford Motor Company for damages.

■ Such dismissal eliminates not only the asserted right of action for damages against the city, but also necessarily eliminates any right to abatement of the alleged nuisance, for if such abatement was ordered its execution would adversely affect the rights of the city to maintain and use the sewer. As to the action to abate the alleged nuisance, the city is a necessary party in the strict sense.

■ The facts alleged show a concentration and discharge of surface waters upon plaintiff's land which otherwise would not have flowed thereon. This concentration and discharge of such water was effected by the construction of the 48-inch pipe, and in consequence thereof the market value of plaintiff's land was depreciated $15,000. We need not pause to inquire as to the liability of the city to respond in damages therefor. If it be assumed that the city, in the proper exercise of its governmental functions, had the right so to do without incurring any liability to re-

spond in damages, nevertheless this cannot be said of the Ford Motor Company.

The petition alleges that "the Ford Motor Company and the City of Dallas did jointly construct and erect" the 48-inch sewer. This shows active participation by said company. in the concentration, diversion, and discharge of surface water upon the plaintiff's land which did not naturally flow there, with resulting damage, and of itself shows liability on the part of said company. 27 R. C. L. 1151. Not only did it actively participate in that action, but in addition thereto it built a 24-inch private sewer from its plant connecting same with the 48-inch sewer, and used the sewer as a sanitary sewer and discharged upon plaintiff's land substances which contaminated his water and land.

As we view the facts alleged in the petition, as stated above, a cause of action in damages is plainly stated against the Ford Motor Company.

We need not discuss the three counter propositions submitted in its brief. They are based upon premises of fact contrary to, or varying from, the facts alleged in the petition, and it is unnecessary to cite authority in support of the rule that upon the general demurrer the facts alleged in the petition are to be accepted as true.

Reversed and remanded.